## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THOMAS S. RODRIGUES, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 2:21-cv-00539 |
| ALLIED INTERNATIONAL CREDIT CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes THOMAS S. RODRIGUES ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of ALLIED INTERNATIONAL CREDIT CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the District of New Mexico and a significant portion of the events or omissions giving rise to the claims occurred within the District of New Mexico.

**PARTIES**

4. Plaintiff is a consumer over the age of 18 residing in Deming, New Mexico which lies within the District of New Mexico.

5. Defendant is a third party debt collector that routinely attempts to collect debts from consumers across the country, including the state of New Mexico. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 6800 Paragon Place, Suite 400, Richmond, Virginia.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustee, sureties, subrogees, representatives and insurers at all times relevant to this instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. This actions stems from Defendant's attempts to collect upon a purportedly defaulted consumer obligation ("subject debt") said to be owed by Plaintiff.

8. The subject debt purportedly stems from personal purchases Plaintiff made in connection with his personal eBay account.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, eBay charged off the subject debt and subsequently turned the subject debt over to Defendant for collection purposes.

10. On or about April 20, 2021, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

11. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

12. The collection letter represents that the "Balance Due" in connection with the subject debt totaled $112.72.

13. Plaintiff was confused as to how this total was reached, as he does not recall owing this amount in connection with the subject debt.

14. The collection letter provided no additional information about the balance of the subject debt other than to list the overall balance.

15. The collection letter goes on to state "Your account balance may periodically increase due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by law."

16. Thus, upon information and belief, the $112.72 balance represented as being the total balance of the subject debt comprised amounts additional to principal, including the illusory "other charges" referenced in Defendant's collection letter.

17. As *Fields v. Wilber,* 383 F.3d 562 (7th Cir. 2004) instructs, debt collectors run afoul of multiple provisions of the FDCPA when they send a consumer a collection letter attempting to collect a balance which comprises both principal and some other sort of charges, yet fails to itemize or otherwise explain the charges additional to principal which comprise the overall balance of a particular debt.

18.  Defendant's failure to itemize or explain to Plaintiff what portions of the subject debt were attributable to charges other than principal deceived and misled Plaintiff as to the nature and extent of any purported liability in connection with the subject debt, as he was confused and left wondering the nature of his overall liability on the subject debt, given Defendant's failure to clearly explain the nature of the subject debt.

3

19. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with his attorneys regarding his rights, resulting in the accrual of expenses and expenditure of resources.

20.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of his federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.  Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it  regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24.  Defendant identifies itself as a debt collectors, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is further a business whose principal purpose is the collection of debts..

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it is alleged to have arisen out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the amount of the subject debt to Plaintiff in its collection letter. Although Defendant's letter is seeking a total amount of $112.72, its failure to indicate that a portion of this total balance was attributable to charges other than principal is in violation of the FDCPA. As circuit courts have stated, "debt collectors must . . . clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses . . . ." *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004). As such, Defendant's failure to explain in its collection letter that the amount sought included add-on expenses additional to principal is in violation of the FDCPA.

29. Alternatively, in the event the subject debt's balance was not comprised of charges additional to principal, then Defendant violated §§ 1692e, e(2), and e(10) by falsely and deceptively suggesting that "other charges" could accrue in connection with the subject debt. A portion of such referenced "other charges" would have presumably been incurred at the time Defendant's collection letter was sent. If the balance represented in the collection letter thus did not include any such other charges, it stands to reason such other charges would not have been added thereafter. As such, and under this factual assumption, Defendant's statement that such other charges may result in the increase of the balance of the subject debt was false, deceptive, and misleading, as such other charges would not have resulted in the balance of the subject debt increasing. Defendant cannot immunize itself from liability by blindly copying and pasting certain

safe harbor language for collecting on variable debts when such debts are not variable in the manner suggested by such safe harbor language.

WHEREFORE, Plaintiff, THOMAS S. RODRIGUES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 10, 2021                                    Respectfully submitted,

                                                       s/Nathan C. Volheim
                                                       Nathan C. Volheim, Esq. #6302103
                                                       *Counsel for Plaintiff*
                                                       Admitted in the District of New Mexico
                                                       Sulaiman Law Group, Ltd.
                                                       2500 South Highland Ave., Ste. 200
                                                       Lombard, IL 60148
                                                       (630) 568-3056 (phone)
                                                       (630) 575-8188 (fax)
                                                       nvolheim@sulaimanlaw.com